UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AVEKA, INC. and
AVEKA CCE TECHNOLOGIES, LLC,
           Plaintiffs,

Case No. 17-cv-03793 (JNE/FLN)

v.                                                   **ORDER**

CHARLES REGENHARD and
the UNITED STATES OF AMERICA

           Defendants.

---

      A plaintiff may force adverse claimants to interplead as defendants for a single fund, even if that fund is not the typically interpled-for payout from an insurance contract. Here, Aveka, Inc. and Aveka CCE Technologies, LLC (collectively, "Aveka") contracted to pay Charles Regenhard an amount of cash, which was due in late 2017. For this promised cash and other consideration, Regenhard sold a business to Aveka. Allegedly, taxes accrued on that business while, before he sold it, Regenhard operated it as sole shareholder. Because no one paid those taxes, the Government imposed a lien on that business's property. Aveka now joins Regenhard and the Government in interpleader for the promised cash and has posted that cash with the Court. Regenhard attacks this interpleader action as improper. Mot., Dkt. No. 17. He likewise objects to the Magistrate Judge's October 6, 2017 Order that allowed Aveka to post the cash. Obj'n, Dkt. No. 35. For its part, the Government claims the cash.

**The Court must decide this interpleader action because jurisdiction attaches to cases that affect a federal tax lien's nature or operation.**
      Even without party diversity, jurisdiction can attach to an interpleader action. *Cf.*

Jurisdiction Order (questioning diversity), Dkt. No. 38. A court must decide "civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. And, "matters directly affecting the nature or operation of [federal tax] liens" arise under U.S. law, "regardless of whether the federal statutory scheme deals with them." *United States v. Brosnan*, 363 U.S. 237, 240 (1960). These matters can include interpleader actions. *St. Louis Union Tr. Co. v. Stone*, 570 F.2d 833, 835-36 (8th Cir. 1978) (vacating no-jurisdiction dismissal of interpleader action when plaintiff sought "declaration of . . . . its potential liability" between "government's tax claim" and private claim).

The Court has jurisdiction here because this interpleader action affects the nature or operation of the federal tax lien against the property of Regenhard's former business. The Government has imposed a lien on that property. Lien Notice, Dkt. No. 44-1. That lien springs from Regenhard's alleged tax liability. U.S. Answer ¶ 4, Dkt. No. 46. In this interpleader action, Aveka has posted cash under the Magistrate Judge's October 6, 2017 Order. Magistrate Judge's Order, Dkt. No. 30; Receipts, Dkt. Nos. 32, 41, 45. If the Court disburses this cash to the Government, the lien's nature or operation will be affected because the underlying liability will be partially or fully satisfied. If, instead, the Court disburses the cash to Regenhard because the Government's claim fails, that lien will redound to Aveka as the current owner of Regenhard's former business. Thus, the Court must decide this interpleader action, including Regenhard's Motion to dismiss it as improper.

Parallel to his Motion, Regenhard also objects to the Magistrate Judge's Order allowing Aveka to post the cash. As for that Objection, the Court must decide whether it

shows clear or legal error in the Order and, if so, set aside the Order as to that error.  Fed. R. Civ. P. 72(a).

**A plaintiff may force a defendant to interplead for a single fund if that defendant and another defendant adversely claim the fund and the forced defendant's claim would be satisfied by the plaintiff's deposit.**

A court may not dismiss an interpleader action as improper if the plaintiff has shown that the defendants' "claims . . . may expose [the] plaintiff to double or multiple liabilities."  Fed. R. Civ. P. 22(a)(1)(A).  To be joined, those defendants must have "adverse claims against a single fund or liability."  *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976).  And, to "compel a party to . . . interplead[]," the plaintiff must "deposit[] with the court . . . the sum claimed by that party."  *Id.* at 1142.  When deciding these issues on the pleadings, as the Court does here, a court must "accept[] as true the complaint's [and other pleadings'] factual allegations and grant[] all reasonable inferences to the non-moving part[ies]."  *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009).

**Aveka may force Regenhard to interplead for Aveka's contractually defined promised cash because Regenhard and the Government claim that cash to the other's exclusion and Regenhard's claim would be satisfied by Aveka's deposit.**

Regenhard may be forced into this interpleader action because facts have been alleged that would show the action proper.  First, Aveka's posted cash is a single fund or liability, Regenhard's or the Government's fund and Aveka's liability, depending on which face the coin lands.  Aveka and Regenhard's contract defines the then-promised and now-posted cash as to amount, due date, and status as partial consideration for Regenhard's former business.  Compl. ¶¶ 13-14.  And even if Aveka generally funded that cash, Regenhard and the Government now claim the cash, not Aveka's general funds.

3

U.S. Answer ¶¶ 2, 4.

And, on the pleadings, Regenhard and the Government not only claim the cash: they do so adversely. Aveka concedes that, if not for the Government's claim, Regenhard would get that cash as contractually promised. Compl. ¶ 56. For its part, the Government seeks that cash under the tax liability it alleges against Regenhard. U.S. Answer ¶¶ 2, 4. Even if the Government could hypothetically claim taxes from Aveka, it has not does so. Between Regenhard and the Government, who gets the cash depends on the success or failure of the Government's claim against Regenhard.

Finally, Aveka's deposit equals Regenhard's claim. *Compare* Receipts, Dkt. Nos. 32, 41, 46, *with* Compl. ¶¶ 56-57. Even if the Government claims more than Aveka posted, Regenhard must still interplead because his claim is not in excess. Aveka has posted enough to compel Regenhard. Whether Aveka has posted enough to compel the Government is irrelevant because the Government interpleads willingly. *See* U.S. Answer ¶ 4.

**Conclusion**

Aveka has properly joined Regenhard in interpleader. And Regenhard's Objection to the Magistrate Judge's October 6, 2017 Order reduces to his asserting that the interpleader action is improper. Because the Court rejects that assertion, Regenhard's Objection cannot show clear or legal error in the Magistrate Judge's Order. Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1. Defendant Charles Regenhard's Motion to Dismiss [Dkt. No. 17] is DENIED.

2. Defendant Charles Regenhard's Objection [Dkt. No. 35] to the Magistrate Judge's October 6, 2017 Order is DENIED.

3. The Magistrate Judge's October 6, 2017 Order [Dkt. No. 30] is AFFIRMED.

Dated: January 8, 2018               s/ Joan N. Ericksen
                                     JOAN N. ERICKSEN
                                     United States District Judge